Filed 12/12/13  P. v. Williams CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> LAWRENCE LEE WILLIAMS, <br><br> Defendant and Appellant. | H039545 <br> (Santa Clara County <br> Super. Ct. No. C1122269) |

## I.  INTRODUCTION

Defendant Lawrence Lee Williams pleaded guilty to second degree burglary (Pen. Code, §§459, 460, subd. (b))[1] and check forgery (§ 470, subd. (d)) and admitted the allegations that he had one prior violent or serious felony conviction (§ 667, subds. (b)-(i)) that also qualified as a strike within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12) and he had served four prior prison terms (§ 667.5, subd. (b)). After granting defendant's motion pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) to dismiss the prior strike conviction and striking the four prior prison term allegations, the trial court imposed a total term of 16 months in the state prison in accordance with the plea agreement.

---

[1] All statutory references hereafter are to the Penal Code unless otherwise indicated.

Defendant filed a timely notice of appeal, and we appointed counsel to represent him in this court. Appointed counsel has filed an opening brief that states the case and facts but raises no issue. We notified defendant of his right to submit written argument on his own behalf within 30 days. The 30-day period has elapsed and we have received no response from defendant.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following the California Supreme Court's direction in *People v. Kelly*, *supra*, at page 110, we provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed."

## II. FACTUAL BACKGROUND

According to the probation report, on December 16, 2011, police officers responded to a report of check fraud in progress at a Bank of America in Milpitas. After arriving, the officers contacted defendant near a bank entrance and informed him that they were investigating a possible check fraud. Defendant initially told the officers that a friend had asked him to cash a check and she would pay him $200 for doing so. Defendant then told the officers that while he was at a gas station he was approached by a woman named " 'Monique' " who asked him if he wanted to earn $200 by cashing a check. Since defendant was homeless and needed money, he agreed even though he knew it was a scam. He was also afraid that the persons involved in the check scam would harm him if he did not comply.

Monique took defendant to a bank in Richmond where he opened an account. She then drove him to the Bank of America in Milpitas, where they met a person who provided them with the check. The plan was that defendant would cash the check and then deposit his $200 payment in his new bank account. Whether or to what extent the plan was carried out is unclear in the presently available record. However, the police

officers who contacted defendant at the bank arrested him after confirming that he was on parole in Contra Costa County.

At some point, police officers obtained the check that defendant had agreed to cash and inspected it. They determined that the check was fraudulent, although the check had the victim's account number on it, because the victim's name and the city where the bank was located were misspelled. The victim reported to police officers that several checks he had written to pay bills were stolen from his outgoing mailbox on December 5, 2011. He had not given defendant permission to use his account and had not written a check to defendant in the amount of $2,242.03.

### III. PROCEDURAL BACKGROUND

The complaint filed in December 2011 charged defendant with second degree burglary (§§459, 460, subd. (b); count 1) and check forgery (§ 470, subd. (d); count 2) and alleged that he had two prior violent or serious felony convictions (§ 667, subds. (b)-(i)) that also qualified as strikes within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12) and he had served four prior prison terms (§ 667.5, subd. (b)). The first strike allegation was stricken from the complaint in April 2012 on the motion of the prosecutor.

On May 16, 2012, the trial court terminated the hearing on defendant's motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*) after defendant informed the court he did not want to go forward with the motion. At that time, defense counsel declared a doubt as to defendant's competency and the trial court issued a certificate and order under section 1368 that suspended further proceedings. On October 17, 2012, after receiving a court-ordered psychiatric evaluation, the trial court found that defendant was competent to stand trial.

Defendant subsequently waived his right to a preliminary hearing. The information filed on November 20, 2012, included the same charges and special allegations as the complaint. On November 28, 2012, the trial court denied defendant's

3

*Marsden* motion without prejudice. Defendant then entered into a plea agreement in which he agreed to plead guilty to both counts charged in the information and admit one prior strike conviction and four prior prison terms, with the understanding that the court would consider defendant's oral *Romero* motion and, if the motion was granted, the court would impose the indicated sentence of 16 months.

On January 11, 2013, in accordance with the plea agreement, defendant pleaded guilty to both counts (second degree burglary (§§459, 460, subd. (b)) and check forgery (§ 470, subd. (d)), and admitted the allegations that he had one prior violent or serious felony conviction (§ 667, subd. (b)-(i)) that also qualified as a strike within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12) and that he had served four prior prison terms (§ 667.5, subd. (b)). Defendant also withdrew a pending *Marsden* motion.

At the sentencing hearing held on February 25, 2013, the trial court granted defendant's oral *Romero* motion and dismissed the prior strike conviction. The court stated that the grounds for granting the *Romero* motion were (1) the underlying offense was not serious or violent; (2) the victim did not sustain any loss; and (3) the strike conviction was remote in time. The court also struck the allegations that defendant had served four prior prison terms in the interests of justice pursuant to section 1385. The court then imposed the lower term of 16 months on count 1 (second degree burglary) and a concurrent 16-month sentence on count 2 (check forgery). Presentence custody credit of 696 days (348 actual days and 348 days pursuant to section 4019) was granted, and as a result the court deemed defendant's sentence satisfied.

The trial court ordered defendant to pay a $200 restitution fine (§ 1202.4, subd. (b)(2)) and suspended the imposition of a $200 parole revocation restitution fine (§ 1202.45). The court also ordered payment of a court security fee of $80 (§ 1465.8, subd. (a)(1)), a criminal conviction assessment fee of $60 (Gov. Code, § 70373), and a criminal justice administration fee of $129.75 (Gov. Code, § 29550.2).

4

Having carefully reviewed the record, we conclude there are no arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## IV.  DISPOSITION

The judgment is affirmed.

_____

BAMATTRE-MANOUKIAN, ACTING P.J.


WE CONCUR:




_____

MÁRQUEZ, J.




_____

GROVER, J.